YANCY *v.* CITY OF OXFORD, MISSISSIPPI

No. 43760          January 17, 1966          181 So. 2d 912

*Wells, Thomas & Wells,* Jackson; *Armis E. Hawkins,* Houston; *Roberts & Craig,* Oxford, for appellant.

*L. G. Fant, Jr.,* Holy Springs; *J. W. Price, Freeland & Grafford,* Oxford, for appellees.

ROBERTSON, J.

This is an appeal by George T. Yancy from an order of the Chancery Court of Lafayette County wherein the court on its own motion dismissed without prejudice the bill of complaint filed by the appellant. This was a taxpayer's suit against the City of Oxford, Mississippi, wherein the appellant prayed for an injunction against the appellee enjoining the appellee from expending any tax funds or public funds from the city treasury for the purpose of maintaining and operating a museum, particularly the Mary Buie Museum.

The Court, on its own motion, entered an order of dismissal finding in the order, ''That the questions involved in the matter are presently moot, due to the fact that the city now has on hand sufficient funds from the Mary Buie Estate to pay the expenses of the museum in the foreseeable future without the use of tax funds'', . . .

This dismissal is in the nature of a compulsory non-suit which is not recognized in Mississippi. The posture of this case at the time of dismissal was that the appellee had moved for a separate hearing on matters contained in its answer constituting special pleas in bar, which pleas were clearly distinct and readily separable and, of course, the appellee was entitled to a separate hearing on these matters. By the same token, the appellant would be entitled to present testimony answering the contentions of the appellee.

██ ██ The Court holds that the judgment of the lower court dismissing without prejudice, the bill of complaint should be reversed, and the cause remanded for a hearing on the bill of complaint and the special pleas as set up in the answer, in accordance with the Statutes of the State of Mississippi.

The Court sympathizes with the chancellor and understands how the chancellor could very well feel that the order of dismissal was in effect being entered by agreement of the parties litigant.

The judgment is therefore reversed and the cause remanded.

Reversed and cause remanded.

*Ethridge, C. J., and Rodgers, Brady and Smith, JJ.,* concur.